**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VONDEAN LOWE,<br><br>PLAINTIFF,<br><br>V.<br><br>FARMERS INSURANCE COMPANY, INC., A FOREIGN FOR-PROFIT CORPORATION,<br><br>DEFENDANT. | ) | CASE NO.: CIV-24-912-R |

**PROTECTIVE ORDER**

Before the Court is the parties' Joint Motion for Protective Order ("Motion") [Doc. No. 11]. In the Motion, the parties inform the Court that certain documents and information have been and may be requested, produced, or exhibited by and between the parties to this proceeding ("Proceeding") that contain financial information, trade secret or competitive information, medical, or other types of sensitive or proprietary information that the persons or entities making the production(s) deem confidential. Based on the parties' submissions and agreements, the Court GRANTS the Motion and ORDERS as follows:

**1. Scope**

a. This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party to this Proceeding or any non-party (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated using the procedures set forth herein. This Order is binding upon the parties to the Proceeding, including their respective corporate

parents, subsidiaries, and affiliates as well as their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order. This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

b. Under this Order, any Supplying Party shall have the right to designate as confidential any document or other information it produces or provides and any testimony it gives in this Proceeding that it and its counsel believe in good faith discloses a trade secret or other confidential information, research, development, or commercial information contemplated under Rule 26(c) of the Federal Rules of Civil Procedure. Any party to this Proceeding may also designate as confidential any information or testimony which is sensitive, confidential, or proprietary information that the persons or entities marking the disclosure or having an interest in its content, deems confidential, and any information or testimony supplied by a non-party if the party transmitted the information to the non-party under an agreement or obligation that it would remain confidential.

c. "Confidential Information" means any material designated under Paragraph 1(b), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed.

**2. <u>Designation of Confidentiality</u>**

a. Documents shall be designated as Confidential Information by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend: "CONFIDENTIAL" or "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER."

b. Interrogatory answers and responses to requests for admissions shall be designated as Confidential Information by indicating within the answers or responses that the answers or responses or specific parts thereof are confidential. In addition, the responding party shall place the following legend on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONFIDENTIAL" or "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER."

c. In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential Information under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. After the expiration of the thirty-day period, the following legend shall be conspicuously placed on the front and back of any original

deposition transcript, and on each copy thereof, which contains Confidential Information: "CONFIDENTIAL" or "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER." If portions of a video recorded deposition are designated as Confidential Information, the video file and any physical media containing such file shall be labeled with the same legend provided for in Paragraph 2(a).

d. If Confidential Information is produced in electronic or magnetic form (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes) ("Computerized Material"), the Supplying Party may designate such matter as "CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in Paragraph 2(a) above. Where Computerized Material has a filename, each filename shall include the word "CONFIDENTIAL" in the filename when produced, to the fullest extent reasonably possible. Whenever any party to whom Computerized Material designated as Confidential Information is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in Paragraph 2(a) above.

e. If any party or counsel for any party causes Confidential Information to be stored or saved in any database or other electronic or magnetic media, that party and/or that party's counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential

Information, and will affix to any media containing such information a label with the legend provided for in Paragraph 2(a) above.

**3. Disclosure of Confidential Information**

a. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated Confidential Information pursuant to this Order.

b. Subject to Paragraph 4 below, access to information designated Confidential Information pursuant to this Order shall be limited to the following persons:

i. The parties, including outside and in-house counsel for the parties, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial, and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding;

ii. Outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in this Proceeding;

iii. Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding;

iv. Directors, officers, employees, or other representatives of a party or its corporate parent whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this Proceeding; however, a party that originally designated information as Confidential Information

may reveal such information to any of its own directors, officers, employees, or other representatives;

v. Any fact witness at the witness's deposition in this Proceeding, but only if counsel who discloses "Confidential Information" to the witness determines in good faith that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding;

vi. Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of the material to have authored or received the material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed;

vii. This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, Clerk of Court and Clerk's office personnel, jurors, and court reporters or translators (including necessary clerical personnel) engaged in recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Proceeding;

viii. Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure; and

ix. Any mediator mutually agreed upon by the parties.

c. Confidential Information shall not be disclosed to a person described in Paragraphs 3(b)(iii), (iv), (v), (viii), or (ix) until such person has executed a Certification in substantially the form attached hereto as Exhibit 1.

**4. <u>Attorneys' Eyes Only Designations</u>**

a. Confidential Information may be further designated as "ATTORNEYS' EYES ONLY" material as follows.

b. "ATTORNEYS' EYES ONLY" material means information, documents, and things the designating party believes in good faith are not generally known to others and which the designating party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is sensitive and protected by a right to privacy under federal law, state law, or any other applicable privilege or right related to confidentiality or privacy that warrants review by attorneys only. The "ATTORNEYS' EYES ONLY" designation should be used extremely sparingly and is reserved for highly sensitive information that constitutes proprietary, technical, or other unusually sensitive information that the producing party maintains as confidential in the normal course of its operations.

c. Documents, discovery responses, and other tangible materials other than depositions or other pre-trial testimony shall be designated by affixing the legend "ATTORNEYS' EYES ONLY" on each page containing information to which the designation applies. Material that cannot be conveniently designated in this manner shall be designated by notifying the receiving party of the designation in writing.

d. "ATTORNEYS' EYES ONLY" material may be used in this Proceeding, and only disclosed to the following categories of persons unless otherwise ordered by the Court or permitted in writing by the designating party:

i. Counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

ii. Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the appropriate form of the acknowledgement(s) attached as Exhibit 1 and/or Exhibit 2;

iii. This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, Clerk of Court and Clerk's office personnel, jurors, and court reporters or translators (including necessary clerical personnel) engaged in recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Proceeding;

iv. Copy or imaging services retained by counsel to assist in the duplication of "ATTORNEYS' EYES ONLY" material;

v. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the appropriate form of the acknowledgement(s) attached as Exhibit 1 and/or Exhibit 2, unless otherwise agreed by the designating party or ordered by the Court; and

vi. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**5. Use of Confidential Information**

a. If any Confidential Information is to be used or reflected in any filing during this litigation, the party may move the Court for leave to file such material under seal and to file a public version of the document with narrow redactions. If the Court grants the motion, any sealed document must be electronically filed pursuant to the Court's *Guidelines for Protective Orders on Confidentiality, Sealing Documents, and Redactions for Civil Cases* and the W.D.O.K. ECF Policies and Procedures Manual, §§ II(H) and III(A). The Parties shall take efforts to minimize the nature and amount of information filed under seal. Where Confidential Information is mentioned in or attached to a pleading or brief, only the specific Confidential Information should be redacted from the filed pleading or brief, and an unredacted copy of it should be filed under seal.

b. At the request of the parties, the Court shall determine the rules and procedures governing the use of Confidential Information at trial at the final pretrial conference.

c. Subject to Paragraph 10(c), Confidential Information shall not be used by any person, other than the Supplying Party, for any purpose other than conducting this Proceeding, and in no event shall such information be used for any business, competitive, personal, private, public, or other purpose.

**6. Objections to Designations**

A party may, at any time, make a good-faith challenge to the propriety of a Confidential Information designation. The objecting party shall first consult with the designating party to attempt to resolve their differences. If the parties are unable to reach

an accord as to the proper designation of the material, the objecting party may move the Court for a ruling that the material shall not be so designated, subject to compliance with Federal Rules of Civil Procedure and Local Court Rules on discovery motions, including a certification in the motion that the parties have met and conferred in good faith on the issue. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If after the parties' good-faith conference no motion is made, the material will retain its original designation. Any documents or other materials that have been designated as Confidential Information shall be treated as Confidential Information until such time as the Court rules on any objection.

**7. Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information other than on the basis that it has been designated Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

**8. turn or Destruction of Materials**

After the final resolution of this litigation, all Confidential Information shall, upon request, be returned to counsel for the Supplying Party or destroyed. Counsel shall be entitled to retain work product, pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), so long as any such materials containing Confidential Information are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

**9. Inadvertent or Unintentional Disclosure**

A Supplying Party that inadvertently fails to designate or mis-designates material as Confidential Information shall be entitled to correct the designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of appropriately designated material. Any individual who received mis-designated materials shall, within five (5) days

of receipt of the substitute copies, take reasonable steps to destroy or return all copies of such mis-designated documents to the Supplying Party or its representative. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

**10. <u>Other Provisions</u>**

a. The restrictions set forth in this Order shall not apply to documents or information that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

b. A party's compliance with the terms of this Order shall not operate as an admission that any document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

c. Any party or person in possession of Confidential Information who receives a subpoena (or other legal process) seeking production or other disclosure of such Confidential Information shall immediately give written notice to the Supplying Party. So that the Supplying Party may object to the production or otherwise protect its interests, the party or person receiving the subpoena (or other process) shall not produce the documents sought for a period of at least five (5) days after giving notice to the Supplying Party. The written notice shall identify the materials sought and enclose a copy of the subpoena or

other process, unless ordered otherwise by a court of competent jurisdiction. Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other legal process seeking production of any Confidential Information, provided such person invokes, to the extent reasonably possible, the highest level of confidentiality available under applicable law, rule, regulation, court order, or other compulsory process, at the time of disclosure of such Confidential Information.

d. This Order shall remain in effect unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court retains jurisdiction over this action, assuming a basis for subject-matter jurisdiction is shown, for enforcement of the provisions of this Order following the final resolution of this litigation.

e. The Court may amend, modify, or dissolve this Protective Order at any time.

IT IS SO ORDERED this 16th day of December, 2024.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VONDEAN LOWE,<br><br>PLAINTIFF,<br><br>V.<br><br>FARMERS INSURANCE COMPANY, INC.,<br>A FOREIGN FOR-PROFIT CORPORATION,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: CIV-24-912-R |

## CERTIFICATION

1. My name is ______________________________________________.

I live at _____________________________________________________.

I am employed as (state position) ____________________________________

by (state name and address of employer) _______________________________.

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Order, and I agree to comply with and to be bound by its provisions.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _________ day of _______________, 202___

by__________________________

(signature).

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VONDEAN LOWE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CASE NO.: CIV-24-912-R |
| | ) | |
| FARMERS INSURANCE COMPANY, INC., | ) | |
| A FOREIGN FOR-PROFIT CORPORATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**NOTICE TO DEPOSITION WITNESSES**

You are being shown one or more documents which have been designated as "Confidential" or "Attorneys' Eyes Only" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court, if and as allowed by law. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.